IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICHARD S. KUMPF**                                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 3:24-CV-00029-DMB-RP**

**SAFECO INSURANCE COMPANY OF
AMERICA, AMERICAN ECONOMY
INSURANCE COMPANY, and
RSC INSURANCE BROKERAGE, INC.**                         **DEFENDANTS**

### ORDER GRANTING PLAINTIFF RICHARD S. KUMPF'S MOTION TO SEAL INADVERTENTLY FILED DOCUMENT

This matter is before the Court on Plaintiff's Motion to Seal (Doc. 127) requesting an Order permanently sealing the document inadvertently filed on the CM/ECF docket in this action as Doc. 121 from any access by the public and the litigants' counsel.

### FINDINGS SUPPORTING SEALING:

1. The Court may seal inadvertently filed documents from access by the public or litigants' counsel to protect confidential information contained within. *See, e.g., Cooper Tire & Rubber Co. v. Farese*, No. 3:02CV210-SA-JAD, 2009 WL 514071, at *1 (N.D. Miss. Feb. 27, 2009); *see also* L.U. Civ. R. 79(e)(3).

2. In doing so, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Sec. & Exch. Comm'n. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

3. To decide whether judicial records should be sealed, the court must undertake a "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting *Vantage*, 913 F.3d at 451).

4. Further, "in certain cases, sensitive information should not be disclosed to the public." *Kovarcik v. Bayou Acad.*, No. 4:23-CV-00106, 2023 WL 4224780, at *1 (N.D. Miss. June 27, 2023) (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-18).

5. Sealing records from public access may be proper if redacting documents is not feasible. *See United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (recognizing redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information"); *Blue Hill Specialty Ins. Co. Inc. v. Grinston*, 2023 WL 504943 *1 (S.D. Miss. Aug. 8, 2023).

6. The Court has reviewed Doc. 121 which Plaintiff requests be sealed from any access by the public and the litigants' counsel pursuant to L.U. Civ. R. 79(e)(3)(B)(1).

7. The Court finds that the document at issue was inadvertently filed, is confidential and sensitive in nature, and is wholly unrelated to the present litigation or any facts, claims, or defenses at issue in this litigation.

Having considered Plaintiff's Motion to Seal, this Court finds that because the above-referenced document is confidential, sensitive, and unrelated to this litigation and cannot be redacted in such a way to protect its confidentiality the only means to protect the confidentiality of the document is to permanently seal the document from access by the public and litigants' counsel. Plaintiff's Motion is well taken. The Motion is **GRANTED.**

**IT IS HEREBY ORDERED** that doc. 121 as filed on the CM/ECF docket in this case shall be permanently sealed from access by the public and litigants' counsel. The Clerk of the Court is ordered to immediately seal the above-referenced document.

SO ORDERED this the 18th day of November, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE