**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**RICHARD KUMPF**                                                                    **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 3:24-cv-29-DMB-RP**

**SAFECO INSURANCE COMPANY OF AMERICA, et al.**        **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE**

This matter is before the court on the Motion to Strike filed by the defendants Safeco Insurance Company of America and American Economy Insurance Company. ECF #140. The movants ask the court to strike certain disclosures and discovery responses served by the plaintiff on or about the last day of the discovery period. The defendant RSC Insurance Brokerage, Inc. joins in the motion, and the plaintiff opposes the motion. The court finds the motion should be granted in part and denied in part as discussed below.

**Relevant Procedural Background**

The plaintiff Richard Kumpf brought this action seeking the recovery of damages and other relief as a result of Safeco Insurance Company of America's and/or American Economy Insurance Company's alleged wrongful denial of coverage for a claimed loss that occurred when Kumpf's house in Oxford, Mississippi was flooded by water from a pipe that froze and burst during an ice storm in December of 2022.[1] Alternatively, Kumpf seeks recovery of his alleged damages from RSC Insurance Brokerage, Inc. for allegedly failing to procure for him a policy

---

1 According to Kumpf's amended complaint, Safeco and American Economy have the same parent company and it is unclear, as of the filing of the amended complaint, which actions relevant to this litigation were taken by Safeco and which were taken by American Economy.

with proper coverage.

On July 23, 2024 – Kumpf's deadline to designate expert witnesses – Kumpf designated Cyrus Barcus as a non-retained expert who would testify on the following subject matters:

- The remediation efforts at Mr. Kumpf's Property located in Oxford, Mississippi's South Lamar Historic District, at 304 S 5th Street, Oxford, Mississippi 38655 (the "Property").

- The reasonableness of the remediation efforts at the Property.

- The reasonableness of Mr. Kumpf's expenses incurred to remediate the damages at the property.

Kumpf's expert disclosure, ECF #140-5 at 2. The disclosure also included a summary of the facts and opinions to which Barcus is expected to testify. According to the summary, Barcus will testify that he was involved in initial remediation efforts as Kumpf's "man on the ground" regarding the assessment of the damage, the remediation plan, and as a point of contact on behalf of Kumpf during work at the property. The summary describes remediation efforts that Barcus will testify have taken place; it states that Barcus will offer an opinion that those remediation efforts were reasonable and necessary; it states that Barcus will testify as to Kumpf's remediation expenses and the reasonableness thereof; and it states that Barcus will testify that all renovation of the property has stopped awaiting the pendency of this lawsuit. There is no mention of any expected testimony by Barcus regarding the estimated cost of future renovation and repairs to the property.

Promptly after being served with Kumpf's expert disclosure, which included no supporting documents, American Economy (whose counsel also represent Safeco) served Barcus with a subpoena *duces tecum* for all of his documents relating to the property or the loss. In September of 2024 – *after* the defendants had designated their experts on their August 23, 2024

deadline to do so – Kumpf provided the defendants with copies of documents in response to the subpoena served on Barcus.² Among those documents is a document appearing to be an itemized estimate of the costs of demolition and repairs to be performed on Kumpf's house in the total amount of $319,518.00, as well as another similar document containing the same itemized estimate along with an additional column of estimated demolition and repair costs in the amount of $176,280.00, for a combined estimate in the total amount of $495,798.00. ECF #172-9 at 1-4 and 8-13.

The defendants deposed Barcus on October 1, 2024, during which deposition Barcus testified that the aforementioned documents are his quotes of the costs to repair and replace the damaged areas of the house, with the larger quote including additional items not included in the first quote. According to Barcus, the revised estimate was prepared around March 19, 2024. Barcus testified that he used no documentation to arrive at the estimated costs, which he testified were "educated guesses" to come up with a "ball park" number to replace the damaged areas, and he agreed that it is "somewhat speculative just to give a ball park or some idea of a number." Barcus deposition, ECF #172-2 at 9-10 (depo pp. 35-38).

During the deposition, defense counsel reviewed with and questioned Barcus about the summary of the facts and opinions – paragraph by paragraph -- to which Barcus is expected to testify as set forth in Kumpf's expert disclosure, after which counsel asked, "And these are all the facts and opinions you expect to testify too [sic] in this case?" Barcus answered, "Yes." *Id*. at 14 (depo p. 54).

---

2 The undersigned cannot discern from the docket when exactly Barcus's documents were produced, but Kumpf's memorandum brief on the present motion states they were produced in September 2024. ECF #173 at 7.

Nonetheless, on November 15, 2024 – the last day of the discovery period – Kumpf served the defendants with a "Supplemental Expert Disclosure," which contains the same subject matters of Barcus's expected testimony that were contained in the original disclosure, as well as the same summary of facts and opinions to which Barcus is expected to testify, but with the additional sentence, "A damages estimates [sic] prepared by Mr. Barcus and supporting documentation are attached to this disclosure collectively as Exhibit 'A.'" ECF #140-6 at 3. Attached to the disclosure is an itemized repair estimate in the total amount of $1,409,738.10, along with copies of estimates and invoices from other sources upon which Barcus presumably relied in preparing his repair estimate.

On or about the same day, Kumpf also served the defendants with supplemental initial disclosures identifying individuals likely to have discoverable information that Kumpf may use to support his claims, identifying documents that Kumpf may use and providing copies of others (including those also attached to the supplemental expert disclosure), and containing a computation of damages that takes into account Barcus's newly disclosed repair estimate. Kumpf also served supplemental responses to Safeco's and American Economy's interrogatories.

The defendants now seek to strike all of Kumpf's last-minute disclosures and discovery responses as untimely, focusing their arguments largely on the supplemental expert disclosure containing Barcus's repair estimate. In opposition, Kumpf argues that Barcus's estimate is a timely supplement to his original expert disclosure or, if the estimate is deemed untimely, that the relevant factors weigh in favor of allowing it. As discussed below, the court agrees with the defendants that Kumpf's supplemental expert disclosure should be stricken as untimely;

however, the court will decline to strike the other disclosures and discovery responses that are the subject of the defendants' motion.

## Law and Analysis

A party must make its expert disclosures "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Pursuant to the court's local rules, a party must make "full and complete" expert disclosures "no later than the time specified in the case management order." L. U. CIV. R. 26(a)(2). An expert disclosure for a non-retained expert must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). "The purpose of FED. R. CIV. P. 26(a)(2)(C) is to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Emmerich Newspapers Incorporated v. Particle Media, Inc.,* No. 3:23-cv-26-TSL-MTP, 2024 WL 2275253, at *3 (S.D. Miss. May 20, 2024) (quoting *Jones v. Lanter Delivery Sys.,* No. 3:15CV135, 2016 WL 3265293, at *1 (N.D. Miss. June 14, 2016)).

Of relevance to the present case, the Fifth Circuit and district courts within it have found that because repair cost estimates require specialized knowledge of construction and repair work, such evidence is inadmissible unless it is presented with expert testimony. *See, e.g., Pendarvis v. American Bankers Ins. Co. of Florida*, 354 F.App'x 866, 869 (5th Cir. 2009) (affirming exclusion of repair estimate in absence of expert testimony); *Jeanes v. McBride,* No. 16-1259, 2019 WL 2622466, at *3 (W.D. La. June 5, 2019) ("If repair cost estimates are introduced into evidence, they must be the subject of expert testimony."); *Dennis v. Allstate Ins. Co.,* No. 10-795, 2012

WL 6045912, at *3 (E.D. La. Dec. 5, 2012) (excluding lay witness testimony regarding estimates of future repair costs).  As such, any evidence Kumpf wishes to present at trial regarding the estimate of costs to repair the subject property must be presented with expert testimony, which was required to be the subject of an expert disclosure made on or before his July 23, 2024 expert designation deadline as established in the court's case management order.

However, Kumpf's expert disclosure designating Barcus as a non-retained expert (and including no supporting documents) on Kumpf's expert designation deadline makes no mention of repair estimates, either among the subject matters on which Barcus is expected to testify or in the summary of the facts and opinions to which Barcus is expected to testify.  The disclosure is essentially limited to remediation efforts – and the reasonableness and costs thereof -- that have taken place at the property.

Kumpf suggests that because in his initial disclosures he identified Barcus as an individual with knowledge of his damages, and because elsewhere in his initial disclosures he stated his damages include, among other elements, future repair costs, then the defendants were somehow on notice that Barcus would offer expert testimony as to future repair costs.  However, even if the defendants had made such a broad assumption based on Kumpf's initial disclosures, that assumption would have been dispelled by Kumpf's expert designation of Barcus omitting any reference to future repair costs.

Kumpf also argues that his supplemental expert disclosure is merely a timely supplement to his original disclosure.  According to Kumpf, "the 'designation' itself did not change in any substantive manner," and the supplemental expert disclosure "neither adds nor subtracts from the subject matter designated for testimony in the initial designation, and it offers no new opinions."

Kumpf brief, ECF #173 at 11-12.  This is plainly incorrect.  Again, whereas the original expert disclosure makes no mention of any expected testimony by Barcus regarding future repair costs, the "supplemental" disclosure contains a repair estimate by Barcus of over $1.4 million.  While it is true that under Federal Rule of Civil Procedure 26(e) a party must supplement its expert disclosure "in a timely manner if the party learns that in some material respect the disclosure … is incomplete or incorrect," Rule 26(e) "only applies to supplementation, not entirely new expert opinions."  *Melton Properties, LLC v. Illinois Central Railroad Company*, No. 4:18-cv-79-DMB-JMV, 2024 WL 3626691, at *8 (N.D. Miss. Aug. 1, 2024).  "Accordingly, courts must distinguish between 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship."  *Id*.

      Kumpf asserts that Barcus prepared the subject repair estimate only after learning of the purported extent of the damage to the subject property revealed in a mold report that was not available when the original expert disclosure was made, and that the supplemental expert disclosure merely provides an updated repair estimate based on the newly available information.  However, this argument ignores the fact that the original expert disclosure – made on Kumpf's expert designation deadline -- contained *no repair estimate* or even a statement that Barcus *was expected* to offer a repair estimate.  True, Kumpf later provided the defendants with what Barcus characterized at his deposition as "ball park" repair estimates based on "educated guesses" with no supporting documents, but those estimates – produced only in response to a subpoena and then only after the defendants' expert designation deadline had passed – do not cure the omission of any mention of repair estimates in the original expert disclosure.

      If Kumpf expected Barcus to offer testimony regarding the future cost to repair the

subject property, then Kumpf was required to make that known to the defendants in an expert disclosure no later than his expert designation deadline. Kumpf failed to do so, and his "supplemental" expert disclosure providing Barcus's $1.4 million repair estimate on the last day of discovery is untimely.

Federal Rule of Civil Procedure 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Under Local Uniform Civil Rule 26(a)(2), a party must make "full and complete" expert disclosures no later than the time specified in the case management order, and absent a finding of just cause, "failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." In exercising its discretion whether to exclude a witness who was not properly designated, the court considers four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). The court discusses each of these factors in turn below.

First, in explanation of his failure to meet the court's deadlines, a party must show "that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *Newsome v. International Paper Company*, 123 F.4th 754, 766 (5th Cir. 2024) (quoting *Filgueira v. U.S. Bank Nat's Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam)). Kumpf's explanation is that he could not possibly have provided Barcus's revised repair estimate by the expert designation deadline because Kumpf did not yet have a new mold report

purportedly showing more extensive damage than was previously thought to have occurred. However, Kumpf wholly fails to explain why his original expert disclosure did not disclose that Barcus was expected to testify regarding the estimated cost to repair the property, when in fact Barcus had prepared repair estimates months previously, which estimates were not disclosed to the defendants until after the defendants' expert designation deadline had passed.

Further, Kumpf and Barcus received the subject mold report a week *prior* to Barcus's deposition,[3] and yet when asked at his deposition whether the original expert disclosure summarized all of the facts and opinions to which he expected to testify at trial, Barcus answered in the affirmative, making no mention of any forthcoming or expected repair estimate based on the new mold report. Instead, Kumpf surprised the defendants with the subject repair estimate on the last day of discovery. Kumpf's explanation for the untimely disclosure is lacking, and this factor weighs heavily in favor of exclusion, which "is particularly appropriate" where the party has "failed to provide an adequate explanation for their failure to identify their expert within the designated timetable." *Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007) (quoting *1488, Inc. v. Philisec Inv. Corp.,* 939 F.2d 1281, 1289 (5th Cir. 1991)).

Second, as to the importance of Barcus's repair estimate and supporting documents, Barcus asserts that they are vital to his case, as they provide the most up-to-date estimate of construction costs and efforts needed at the property. However, although certainly the exclusion of the repair estimate would leave Kumpf without evidence to support a significant portion of the damages he now claims to have sustained, exclusion would not deprive Kumpf of damages

---

3 According to Kumpf's brief, he and Barcus received the new mold report on September 25, 2024, six days before Barcus's deposition on October 1, 2024. ECF #173 at 7.

evidence altogether or otherwise result in the dismissal of his case. Even if that were the case, it would be no bar to exclusion. *See Geiserman*, 893 F.2d 793-94 (affirming exclusion of plaintiff's untimely disclosed expert testimony and resulting summary judgment). Further, "the claimed importance of Plaintiffs' expert testimony merely underscores the need for Plaintiffs to have complied with the court's deadlines." *Newsome*, 123 F.4th at 767 (quoting *Barrett v. Alt. Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996)); *see also Geiserman*, 893 F.2d at 792 (stating importance of expert testimony "cannot singularly override the enforcement of local rules and scheduling orders").

Third, as to the potential prejudice to the defendants in allowing the evidence, "[e]ven when 'the degree of prejudice suffered by the [other party] due to the late designation would not have been great, a district court still has discretion to control pretrial discovery and sanction a party's failure to follow a scheduling order." *Stewart v. Gruber*, No. 23-30129, 2023 WL 8643633, at *6 (5th Cir. 2023) (quoting *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1288-89 (5th Cir. 1991)). In the present case, however, the potential prejudice to the defendants is great. The defendants have been deprived of the opportunities both to conduct discovery regarding Barcus's new opinion and to designate rebuttal experts. Further, there can be no doubt that Kumpf's untimely disclosure, if permitted, would disrupt the court's discovery schedule, would result in additional expense to the defendants, and would disrupt the defendants' preparation of their case – all prejudices that have been recognized by the Fifth Circuit. *See Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996); *Geiserman,* 893 F.2d at 791. This factor weighs in favor of exclusion.

Finally, as to the availability of a continuance to cure the prejudice, the court has recently

ordered that the trial of this case – previously set for April 7, 2025 – be continued and that, at Kumpf's request, discovery be re-opened to allow Kumpf to conduct "limited discovery" related to certain documents produced by the defendants at the end of discovery. ECF #212.[4] However, a continuance sufficient to afford the defendants the opportunities to conduct discovery regarding Barcus's new opinion and to designate rebuttal experts would of necessity be lengthier than the continuance necessary to allow Kumpf to conduct the limited discovery he wishes to conduct. Even then, such a continuance would not cure the prejudice to the defendants, who have filed and briefed dispositive motions and a *Daubert* motion to exclude Barcus's testimony. "No continuance would prevent the increased expense of reviewing and responding to a new expert, preparing for and deposing that expert, and potentially preparing rebuttal opinions – before, if needed, re-drafting and re-filing dispositive motions which had already been completed." *Newsome,* 123 F.4th at 767-78. The court finds that this factor weighs in favor of exclusion.

After considering the relevant factors, the court finds that Kumpf's "supplemental expert disclosure" should be stricken. However, as to Kumpf's other disclosures and discovery responses that are the subject of the defendants' motion to strike, the court finds that any prejudice to the defendants can be cured by the continuance and re-opening of discovery that the court has already ordered, which will allow the parties to conduct limited discovery regarding the documents produced by one another at the end of the previous discovery period. The undersigned suspects that in light of the ruling herein striking Kumpf's supplemental expert disclosure, extensive discovery regarding Kumpf's other last-minute disclosures and discovery

---

4 The trial is to be reset once the undersigned determines, after conferring with counsel in an upcoming status conference, the specific limited discovery to be allowed and the date by which such discovery must be completed. ECF #212.

responses – to the extent they were provided to support Barcus's untimely repair estimate -- may not be necessary. The undersigned will discuss the extent of such discovery needed by the defendants during the upcoming status conference.

## Conclusion

For these reasons, the defendants' Motion to Strike [ECF #140] is GRANTED IN PART AND DENIED IN PART as follows: The defendants' motion to strike Kumpf's "Supplemental Expert Disclosure" is GRANTED, and in all other respects the defendants' motion is DENIED.

**SO ORDERED**, this the 18th day of February, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE