IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RICHARD KUMPF                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:24-cv-29-DMB-RP

SAFECO INSURANCE COMPANY OF AMERICA, et al.                          DEFENDANTS

## ORDER GRANTING MOTION TO RECONSIDER

This matter is before the court on the Plaintiff Richard Kumpf's Motion to Reconsider Order Striking Supplemental Expert Disclosure. ECF #215. Kumpf seeks the court's reconsideration of its order striking Kumpf's expert disclosure made on the last day of the initial discovery period. The defendants oppose the motion. The court finds the motion is well taken and should be granted.

**Relevant Procedural Background**

The plaintiff Richard Kumpf brought this action seeking the recovery of damages and other relief as a result of Safeco Insurance Company of America's and/or American Economy Insurance Company's alleged wrongful denial of coverage for a claimed loss that occurred when Kumpf's house in Oxford, Mississippi was flooded by water from a pipe that froze and burst during an ice storm in December of 2022.[1] Alternatively, Kumpf seeks recovery of his alleged damages from RSC Insurance Brokerage, Inc. for allegedly failing to procure for him a policy with proper coverage.

On July 23, 2024 – Kumpf's deadline to designate expert witnesses – Kumpf designated

---

1 According to Kumpf's amended complaint, Safeco and American Economy have the same parent company and it is unclear, as of the filing of the amended complaint, which actions relevant to this litigation were taken by Safeco and which were taken by American Economy.

Cyrus Barcus as a non-retained expert who would testify on the following subject matters:

- The remediation efforts at Mr. Kumpf's Property located in Oxford, Mississippi's South Lamar Historic District, at 304 S 5th Street, Oxford, Mississippi 38655 (the "Property").

- The reasonableness of the remediation efforts at the Property.

- The reasonableness of Mr. Kumpf's expenses incurred to remediate the damages at the property.

Kumpf's expert disclosure, ECF #140-5 at 2. The disclosure also included a summary of the facts and opinions to which Barcus is expected to testify. According to the summary, Barcus will testify that he was involved in initial remediation efforts as Kumpf's "man on the ground" regarding the assessment of the damage, the remediation plan, and as a point of contact on behalf of Kumpf during work at the property. The summary describes remediation efforts that Barcus will testify have taken place; it states that Barcus will offer an opinion that those remediation efforts were reasonable and necessary; it states that Barcus will testify as to Kumpf's remediation expenses and the reasonableness thereof; and it states that Barcus will testify that all renovation of the property has stopped awaiting the pendency of this lawsuit. There is no mention of any expected testimony by Barcus regarding the estimated cost of future renovation and repairs to the property.

Promptly after being served with Kumpf's expert disclosure, which included no supporting documents, American Economy (whose counsel also represent Safeco) served Barcus with a subpoena *duces tecum* for all of his documents relating to the property or the loss. In September of 2024 – *after* the defendants had designated their experts on their August 23, 2024 deadline to do so – Kumpf provided the defendants with copies of documents in response to the

subpoena served on Barcus.² Among those documents is a document appearing to be an itemized estimate of the costs of demolition and repairs to be performed on Kumpf's house in the total amount of $319,518.00, as well as another similar document containing the same itemized estimate along with an additional column of estimated demolition and repair costs in the amount of $176,280.00, for a combined estimate in the total amount of $495,798.00. ECF #172-9 at 1-4 and 8-13.

The defendants deposed Barcus on October 1, 2024, during which deposition Barcus testified that the aforementioned documents are his quotes of the costs to repair and replace the damaged areas of the house, with the larger quote including additional items not included in the first quote. According to Barcus, the revised estimate was prepared around March 19, 2024. Barcus testified that he used no documentation to arrive at the estimated costs, which he testified were "educated guesses" to come up with a "ball park" number to replace the damaged areas, and he agreed that it is "somewhat speculative just to give a ball park or some idea of a number." Barcus deposition, ECF #172-2 at 9-10 (depo pp. 35-38).

During the deposition, defense counsel reviewed with and questioned Barcus about the summary of the facts and opinions – paragraph by paragraph -- to which Barcus is expected to testify as set forth in Kumpf's expert disclosure, after which counsel asked, "And these are all the facts and opinions you expect to testify too [sic] in this case?" Barcus answered, "Yes." *Id*. at 14 (depo p. 54).

Nonetheless, on November 15, 2024 – the last day of the discovery period – Kumpf

---

2 The undersigned cannot discern from the docket when exactly Barcus's documents were produced, but Kumpf's memorandum brief on the motion to strike states they were produced in September 2024. ECF #173 at 7.

served the defendants with a "Supplemental Expert Disclosure," which contains the same subject matters of Barcus's expected testimony that were contained in the original disclosure, as well as the same summary of facts and opinions to which Barcus is expected to testify, but with the additional sentence, "A damages estimates [sic] prepared by Mr. Barcus and supporting documentation are attached to this disclosure collectively as Exhibit 'A.'" ECF #140-6 at 3. Attached to the disclosure is an itemized repair estimate in the total amount of $1,409,738.10, along with copies of estimates and invoices from other sources upon which Barcus presumably relied in preparing his repair estimate.

The defendants moved to strike Kumpf's last minute expert disclosure as untimely. The court granted the motion, finding that the subject disclosure was untimely and should be excluded in light of the relevant factors. Kumpf now asks the court to reconsider that ruling and to allow the expert disclosure.

## **Legal Standard**

A motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) when it is filed within twenty-eight days after the entry of judgment. *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 n.2 (5th Cir. 2012). Kumpf's motion to reconsider having been filed within this timeframe, it will be considered as a Rule 59(e) motion.

Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). There are three grounds for reconsideration under the rule: (1) an intervening change in controlling law; (2) the availability of new evidence not previously

available; and (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002). Reconsideration of a previous order is "an extraordinary remedy and should be used sparingly." *Nationalist Movement v. Town of Jena,* 321 F.App'x 359, 264 (5th Cir. 2009).

## Discussion

Kumpf argues primarily that the court committed a manifest error of fact when it found that he failed to timely disclose that Barcus would be offering expert testimony on the estimated cost to repair the damage to the subject property. Kumpf argues further that this error tainted the court's evaluation of the relevant factors when considering whether Barcus's $1.4 million repair estimate, if deemed untimely, should be excluded. The court agrees and finds that this is one of the very rare instances where reconsideration is warranted.

Kumpf states that notwithstanding the court's finding that his initial expert designation of Barcus made no mention of future repair estimates, the defendants were aware nonetheless that Barcus would be offering such testimony. In support, Kumpf points out that in Safeco's briefing in support of its *Daubert* motion challenging Barcus's earlier repair estimates about which Barcus was questioned during his deposition, Safeco states that its *Daubert* motion only addresses "the opinions that were *timely* disclosed in the original Expert Designation." Safeco *Daubert* reply brief, ECF #192 at 1-2 (emphasis added). In response to Kumpf's motion to reconsider, the defendants offer no explanation for this statement, which leads the court to conclude that they have no explanation other than that they considered the disclosure of Barcus's earlier repair estimates to be timely. The defendants having essentially conceded the timeliness of Barcus's earlier repair estimates, the court's finding that Kumpf failed to timely disclose that

Barcus would offer repair estimate testimony was error.

The acknowledgment of this error does not alter the court's conclusion that Barcus's "supplemental" expert disclosure was untimely, as that disclosure certainly contains the "lion's share" of Barcus's information about repair estimates and therefore should have been provided by Kumpf's expert designation deadline. *See Sierra Club v. Cedar Point Club Co., Inc.,* 73 F.3d 546, 571 (5th Cir. 1996) (stating supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.") However, the acknowledgment of the error does alter the court's balancing of the relevant factors to be considered in determining whether the untimely repair estimate should be excluded, those factors being: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990).

In its order striking Barcus's $1.4 million repair estimate, the court found Kumpf's explanation for the untimely disclosure lacking in part because "Kumpf wholly fails to explain why his original expert disclosure did not disclose that Barcus was expected to testify regarding the estimated cost to repair the property." ECF #214 at 9. However, the defendants having conceded the timeliness of Barcus's earlier repair estimates, Kumpf owes no explanation in this particular regard and should not be faulted for not offering one.

As to why Kumpf could not reasonably provide a repair estimate beyond "educated guesses" on or before his expert designation deadline, Kumpf states that in August of 2023 he and Barcus received a mold report regarding the subject property that indicated more

remediation was needed and topical mold could regrow. After receiving the report, Kumpf and Barcus undertook further remediation efforts with the plan to have mold professionals reassess the mold afterwards before soliciting bids for the repair work. Kumpf did not obtain the second mold report until September 23, 2024 – two months after his expert designation deadline – after which he solicited bids and prepared the new repair estimate. Although the court questions whether all of this could not reasonably be accomplished before Kumpf's expert designation deadline despite his diligence, and although the court remains perturbed that Barcus did not mention the forthcoming new repair estimate when asked at his deposition about any additional expected fact or opinion testimony, the court does not find Kumpf's explanation for the untimely disclosure to be so lacking as to weigh in favor of exclusion as heavily as the court previously weighed it. Other factors warrant reconsideration as well.

As to the potential prejudice to the defendants in allowing the untimely disclosure, the court previously found that such prejudice is great because, the disclosure being made after the defendants had already deposed Barcus and after the defendants' expert designation deadline had passed, "[t]he defendants have been deprived of the opportunities both to conduct discovery regarding Barcus's new opinion and to designate rebuttal experts." ECF #214 at 10. However, Safeco has since obtained an unopposed extension of time to complete discovery in order to (among other things) conduct another deposition of Barcus. Although this will not completely avoid the potential prejudice to the defendants in allowing Barcus's new repair estimate, it significantly diminishes that prejudice, as the defendants may question Barcus about the new estimate at his second deposition. The remaining prejudice can be largely cured by a continuance sufficient to allow the defendants the opportunity to designate rebuttal experts.

Of course, as the court previously observed, there are other prejudices that even a continuance cannot cure, but the court finds that a balancing of the relevant factors, including those factors reconsidered herein, weighs against excluding Barcus's untimely repair estimate and in favor of allowing the defendants an opportunity to designate rebuttal experts instead. "A continuance is 'the preferred means of dealing with a party's attempt to designate a witness out of time.'" *Indian Harbor Insurance Company v. Covington Flooring Company, Incorporated*, No. 24-30243, 2025 WL 416992, at *4 (5th Cir. Feb. 6, 2025) (quoting *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1000 (5th Cir. 1998)).

## Conclusion

For these reasons, Kumpf's motion to reconsider [ECF #215] is GRANTED. The court's previous order striking Kumpf's "Supplemental Expert Disclosure" is vacated in that respect, and the defendants' request to strike the subject disclosure is DENIED.[3] A status conference with counsel will be set to discuss establishing the remaining scheduling deadlines in light of this ruling.

**SO ORDERED**, this the 14th day of May, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[3] This order does not affect the court's denial of the defendants' other requests for relief contained in their motion to strike. Also, Kumpf having moved for leave to file a supplemental brief in support of his motion to reconsider, and there being no response in opposition to the motion for leave, that motion [ECF #245] is GRANTED, and the attached supplement brief is deemed filed.