### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**RICHARD S. KUMPF**                                                                    **PLAINTIFF**

**V.**                                                                    **NO. 3:24-CV-29-DMB-RP**

**SAFECO INSURANCE COMPANY**
**OF AMERICA, et al.**                                                                    **DEFENDANTS**

### ORDER

On December 2, 2024, Safeco Insurance Company of America and American Economy Insurance Company together moved to strike Richard S. Kumpf's (1) supplemental document production served November 14–15, 2024; (2) supplemental expert witness designation served November 15, 2024, regarding Cyrus Barcus; and (3) "certain witnesses and information in [Kumpf's] Supplemental Disclosures and Supplemental Answers to Interrogatories" served November 15, 2024. Doc. #140 at 1. The next day, RSC Insurance Brokerage, Inc., joined the motion to strike. Doc. #144. On February 18, 2025, United States Magistrate Judge Roy Percy granted in part and denied in part the motion—striking Kumpf's November 15 supplemental expert witness designation but denying the motion to strike in all other respects. Doc. #214 at PageID 6342. Two days later, Kumpf moved for reconsideration of Judge Percy's February 18 order to the extent it struck his supplemental expert disclosure. Doc. #215.

On March 7, Safeco and American Economy filed an objection[1] to the February 18 order to the extent it "denied [their] Motion [to strike] as to [Kumpf's] documents, disclosures, and discovery responses, including the new documents and witnesses produced by Kumpf and relied on by Barcus." Doc. #228; Doc. #229 at 1. However, on May 14, Judge Percy granted Kumpf's

---

[1] Safeco and American Economy were granted a requested extension until March 7 to file an objection. Doc. #226.

motion for reconsideration, ruling that his "previous order striking Kumpf's 'Supplemental Expert Disclosure' is vacated in that respect." Doc. #260 at PageID 6684. Judge Percy's reasons for doing so were based on his finding that "[t]he defendants … essentially conceded the timeliness of Barcus's earlier repair estimates,"[2] *id.* at PageID 6681, and how that concession "alter[ed his] balancing of the relevant factors to be considered in determining whether the untimely repair estimate should be excluded," *id.* at PageID 6682.

Because (1) Safeco and American Economy's objection concerns Judge Percy's now-vacated February 18 order in whole or part and, consequently, could not and does not address Judge Percy's May 14 finding that they "conceded the timeliness of Barcus's earlier repair estimates;" (2) following nullification of the February 18 order in part, any challenge by Safeco and American Economy to Judge Percy's rulings on their motion to strike should have been directed to Judge Percy's May 14 order to the extent Judge Percy's reversal of his ruling striking Kumpf's supplemental expert disclosure supports that part of the February 18 order denying the motion to strike; (3) Safeco and American Economy did not lodge any objections to the May 14 order;[3] (4) the objection is moot given the Court's September 30 orders on the summary judgment motions; and (5) alternatively, the Court concludes that the portion of the February 18 order not

---

[2] In reaching that conclusion, Judge Percy reasoned:

> Kumpf states that notwithstanding the court's finding that his initial expert designation of Barcus made no mention of future repair estimates, the defendants were aware nonetheless that Barcus would be offering such testimony. In support, Kumpf points out that in Safeco's briefing in support of its *Daubert* motion challenging Barcus's earlier repair estimates about which Barcus was questioned during his deposition, Safeco states that its *Daubert* motion only addresses "the opinions that were *timely* disclosed in the original Expert Designation." In response to Kumpf's motion to reconsider, the defendants offer no explanation for this statement, which leads the court to conclude that they have no explanation other than that they considered the disclosure of Barcus's earlier repair estimates to be timely.

Doc. #260 at PageID 6681 (internal citations omitted).

[3] Under Federal Rule of Civil Procedure 72, "[a] party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."

2

expressly vacated by Judge Percy was not clearly erroneous or contrary to law for the same reasons he articulated in his May 14 order, Safeco and American Economy's objection to the February 18 order [228] is **DENIED**.

  **SO ORDERED**, this 31st day of March, 2026.

            /s/Debra M. Brown
            **UNITED STATES DISTRICT JUDGE**